IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELISSA DARLENE WHINERY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV–22–171–JAR |
| ) | |
| KILO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Melissa Darlene Whinery (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or

mental impairment or impairments are of such severity that [she] is not only unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.¹

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The

---

¹ Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-seven years old at the time of the administrative hearing. (Tr. 26, 70). She possesses at least a ninth-grade education. (Tr. 46). She has worked as a cashier II, motel housekeeper, fast food worker, and fast food manager. (Tr. 33). Claimant alleges that she has been unable to work since June 15, 2017, due to limitations resulting from a heart problem, a back problem, a knee problem, high blood pressure, high cholesterol, and blood clots. (Tr. 71).

## Procedural History

On March 27, 2020, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. After an administrative hearing, Administrative Law Judge J. Leland Bentley ("ALJ") issued an unfavorable decision on August 26, 2021. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He

determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) violating Claimant's due process rights by referencing medical evidence not contained in the record, (2) improperly determining Claimant's RFC, and (3) improperly evaluating the consistency of Claimant's complaints

## Due Process Considerations

In his decision, the ALJ determined Claimant suffered from the severe impairments of coronary artery disease, status post myocardial infraction with two stent placements, hypertension, mixed hyperlipidemia, and obesity. (Tr. 28). The ALJ concluded that Claimant retained the RFC to perform light work with limitations. Specifically, the ALJ found that Claimant can occasionally climb ramps or stairs, stoop, kneel, crouch, or crawl but can never climb ladders or scaffolds. Further, Claimant must avoid unprotected heights and dangerous moving machinery. (Tr. 31).

After consultation with a vocational expert, the ALJ found that Claimant could perform her past relevant work as a cashier II and motel housekeeper, as she actually performed the position and as it is generally performed. (Tr. 33). As a result, the ALJ found Claimant has not been under a disability at any time from June 15, 2017, the alleged onset date, through December 13, 2018, the date last insured. (Tr. 36).

Claimant first contends the ALJ violated her due process right to be heard as he relied on a medical report not included as evidence in the record during his step two determination. Specifically, Claimant points out that the ALJ referenced a 2014 MRI, which only appeared in a summary of Claimant's medical history in her disability determination, when he determined Claimant's lumbar spine degenerative disc disease and mild thoracic spine spondylolysis to be nonsevere.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Specifically, "[d]ue process for social security applicants requires that claimant be given notice and an opportunity to be heard." *Bush v. Apfel*, 34 F. Supp. 2d 1290, 1298 (N.D. Okla. 1999); *see also Hinck v. Colvin*, 90 F. Supp. 3d 1217, 1220 (D. Kan. 2015) ("While disability benefits are not a constitutional right, and their provision is a creature of statute, the 'right' to Social Security benefits is in one sense 'earned.' And, '[n]o person shall be … deprived of life, liberty, or property, without due process of law.") (quoting *Flemming v. Nestor*, 363 U.S. 603, 610 (1960) and U.S. Const., amend. V.).

However, "apart from core due-process violations such as the failure to give notice or any opportunity to be heard, when (as here) a party complains about the course of administrative proceedings, that party must demonstrate that the adjudication was infected by some prejudicial, fundamentally unfair element." *Energy W. Mining Co v. Oliver*, 555 F.3d 1211, 1219 (10th Cir. 2009)

(quotation omitted). "A due process claim will not succeed . . . if the claimant fails to show prejudice." *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir. 2014). In concluding that Claimant's spine impairments were nonsevere, the ALJ relied in part on a 2014 MRI. This medical record is mentioned in the summary of Claimant's medical history contained within Claimant's Disability Determinations but can be found nowhere else in the record. (Tr. 74, 82) Clearly, the ALJ relied on this record in making his step two findings; however, the medical report is not contained in the record and the Claimant had no opportunity to rebut this evidence. In doing so, the ALJ violated Claimant's due process rights. *See Allison v. Heckler*, 711 F.2d 145, 147 (10th Cir. 1983) ("An ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report."). Further, it is clear the ALJ failed to comply with his duty of developing the record, when he cited to the summary of this evidence but not the actual evidence. *See Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 360-61 (10th Cir. 1993)( "An ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing"). The ALJ erred in relying on a medical record not contained in the record in making his step two determination. On remand, the ALJ shall include this evidence in medical record so that Claimant may be afforded her due process rights to rebut this evidence.

Given that this Court is reversing on the ALJ's improper consideration of evidence not contained in the record, it need not address the additional

arguments at this time. However, if the ALJ in properly considering the medical evidence finds an alternative RFC, the ALJ shall conform his step four determination accordingly.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 13th day of October, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**